Steven M. Chabre, SBN 173271
The Law Office of Steven M. Chabre
1335 Park Avenue
Alameda, CA 94501
(510) 749-1440
(510) 749-0466 (fax)

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| MARIANNE GERSON,<br><br>   Plaintiff,<br><br>   vs.<br><br>THE PERMANENTE MEDICAL GROUP, INC.'S INSURANCE PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>   Defendants. | Case No.: C 07-05364 CW<br><br>**COMPLAINT FOR DISABILITY BENEFITS UNDER ERISA** |

   Plaintiff, Marianne Gerson, alleges:

   1. JURISDICTION: Plaintiff's claims are filed pursuant to 29 U.S.C. § 1001, et seq. ("ERISA"). Jurisdiction and venue are therefore proper pursuant to 29 U.S.C. § 1132.

   2. INTRADISTRICT ASSIGNMENT: A substantial part of the events which give rise to this claim occurred in San Mateo County. Therefore assignment to the San Francisco/Oakland Division is appropriate under Civil L.R. 3-2(c)-(d).

3. Plaintiff brings this action pursuant to 29 U.S.C. § 1132(a)(1)(B) to clarify her rights to past and future benefits under the terms of an ERISA welfare benefit plan. Plaintiff seeks payment of ongoing disability benefits and all back benefits that are due to her, with interest.

4. Plaintiff seeks an injunction under 29 U.S.C. § 1132(a)(3) of defendant Life Insurance Company of North America's ("LINA's") ongoing violations of the terms of the Plan.

5. Plaintiff seeks attorney fees and costs pursuant to 29 U.S.C. § 1132(g).

## THE PARTIES

6. Plaintiff is an adult resident of San Mateo County.

7. Defendant The Permanente Medical Group, Inc.'s Insurance Plan ("the Plan") is an employee welfare benefit plan that was established by The Permanente Medical Group, Inc. ("PMG") under ERISA.

8. Plaintiff is and was at all times relevant a participant and beneficiary of the Plan.

9. LINA is a corporation, incorporated in the state of Pennsylvania, and it is authorized to conduct business in the state of California.

## THE DISABILITY PLAN

10. The Plan is called The Permanente Medical Group, Inc.'s Insurance Plan.

11. The Plan administrator is PMG.

12. The Plan promises to pay monthly benefits to participants who are disabled as defined by the Plan.

13. The Plan is insured by LINA by means of a group insurance policy numbered LK-030054, which LINA issued to PMG.

14. Claims are paid out of the assets of LINA.

15. LINA decides whether or not a claim made under the Plan will be paid and is a fiduciary of the Plan.

## PLAINTIFF'S DISABILITY

16. Plaintiff is a 61 year-old woman.

17. PMG employed plaintiff as a pediatrician from 1978 until July 10, 2001. Her occupation required that she examine and treat 20-40 children per day, frequently move her head and neck, frequently bend at the waist, and occasionally lift up to 50 pounds.

18. Plaintiff stopped working July 10, 2001 due to degenerative disc and joint disease of the cervical spine with a congenital intervertebral fusion and degenerative disc and joint disease of the lumbar spine. In 2003 she developed arthritis and tendinitis of her hands, which further disables her.

19. Since July 2001 plaintiff's treating physicians have opined that she is unable to perform her own occupation or any other occupation due to pain, loss of motion, and other functional restrictions caused by her medical conditions.

## DISABILITY BENEFIT CLAIM HISTORY

20. Plaintiff applied for disability benefits under the Plan, by filing a claim with LINA on or about August 8, 2001.

21. LINA initially denied the claim, but then reversed itself after LINA's own examining physician confirmed that plaintiff was disabled under the terms of the Plan.

22. LINA paid disability benefits to plaintiff until September 7, 2006 when it denied further payment.

23. Plaintiff went through two administrative appeals with LINA, the second of which was denied on October 3, 2007.

24. LINA breached its fiduciary duty to plaintiff by arbitrarily denying her claim for the purpose of furthering its own financial interests. Evidence of LINA's self-dealing includes:

a. LINA's termination of plaintiff's claim without demonstrating any improvement in plaintiff's condition and in spite of substantial evidence that her condition had deteriorated;

b. LINA's insistence that plaintiff's claim was based exclusively on subjective complaints, despite extensive objective findings;

c. LINA's unsubstantiated rejection of plaintiff's treating physicians' opinions that plaintiff is disabled;

d. LINA's description as irrelevant plaintiff's MRI evidence of April 2007, which demonstrated moderately advanced degenerative disc disease in her lumbar spine, because it post-dated the September 2006 denial of the claim.

e. LINA's ignoring its own surveillance evidence that supports plaintiff's claim;

f. LINA's ignoring sworn statements from plaintiff's physical therapist and her exercise instructor, which support her claim;

g. LINA's withholding of certain key evidence from its own examining and reviewing physicians;

h. LINA's request for a functional capacity exam in February 2007, after it had already denied plaintiff's claim, the sole purpose of which was to bolster its unjustified decision;

i. LINA's use of an inaccurate description of plaintiff's occupation to support its denial;

j. LINA's taking unjustified extensions to decide plaintiff's appeals; and

k. LINA's failure ever to make a coherent statement as to why it had decided to terminate plaintiff's claim.

25. Plaintiff exhausted her administrative remedies under the Plan.

**FIRST CAUSE OF ACTION**
**(Claim for Benefits – All Defendants)**

26. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

27. Plaintiff has performed all of her obligations under the Plan.

28. All conditions precedent to plaintiff's bringing this ERISA claim and to her collecting benefits under this ERISA plan have been performed by plaintiff or have occurred.

29. Plaintiff has been disabled under the terms of the Plan since July 10, 2001, and following an six month waiting period, she has been eligible to receive benefits under the Plan at all times since January 11, 2002.

30. 29 U.S.C. § 1132 (a)(1)(B) states:

A civil action may be brought --

>   (1) by a participant or beneficiary --
>
>>    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

31. The defendants' actions constitute an unlawful denial of benefits under the Plan and under ERISA, as provided in 29 U.S.C. § 1132 (a)(1)(B).

**SECOND CAUSE OF ACTION**
**(Injunction – LINA)**

32. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

33. Defendant LINA, through its self dealing, has demonstrated a pattern and practice of violating the terms of the Plan at plaintiff's expense.

34. 29 U.S.C. § 1132 (a)(3) states:

A civil action may be brought --

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redressed such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

35. Plaintiff seeks an injunction and other equitable relief to stop LINA from its ongoing violations of the terms of the Plan.

### THIRD CAUSE OF ACTION
### (Attorney Fees and Costs – All Defendants)

36. Under the standards applicable to ERISA, plaintiff seeks to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to 29 U.S.C. § 1132(g).

### PRAYER FOR RELIEF

37. Plaintiff respectfully requests that this Court review the denial of benefits in this case and declare that she is entitled to ongoing disability benefits under the Plan; entitled to payment of back benefits; and to interest on all back benefits.

38. Plaintiff asks the Court to enjoin LINA from continuing to violate the terms of the Plan.

39. Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure the benefits owed to her pursuant to 29 U.S.C. § 1132(g).

40. Finally, plaintiff seeks such other relief as this Court finds appropriate.

BY:____/s/ *Steven M. Chabre, Esq.*_____    DATED: October 19, 2007
      STEVEN M. CHABRE
      Attorney for Plaintiff