1  ADRIENNE C. PUBLICOVER (SBN #161432)
   DENNIS J. RHODES (SBN 168417)
2  WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, CA 94105
4  Telephone:  (415) 433-0990
   Facsimile:  (415) 434-1370
5
   Attorneys for Defendants
6  THE PERMANENTE MEDICAL
   GROUP, INC.'S INSURANCE PLAN
7  and LIFE INSURANCE COMPANY
   OF NORTH AMERICA
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                    OAKLAND DIVISION

12

13 MARIANNE GERSON,              ) Case No.:    CV07-05364 CW
                                 )
14         Plaintiff,             ) ANSWER OF DEFENDANTS THE
                                 ) PERMANENTE MEDICAL GROUP,
15     v.                        ) INC.'S INSURANCE PLAN AND LIFE
                                 ) INSURANCE COMPANY OF NORTH
16 THE PERMANENTE MEDICAL GROUP, ) AMERICA TO COMPLAINT
   INC.'S INSURANCE PLAN and LIFE )
17 INSURANCE COMPANY OF NORTH    )
   AMERICA,                      )
18                               ) Courtroom:  2
           Defendants.            ) Judge   :  Honorable Claudia Wilken
19 _____ )

20     COME NOW Defendants THE PERMAMENTE MEDICAL GROUP, INC.'S

21 INSURANCE PLAN ("the Plan") and LIFE INSURANCE COMPANY OF NORTH AMERICA

22 ("LINA") (collectively referred to as "Defendants"), for themselves and themselves alone, and

23 answer the allegations in the Complaint for Disability Benefits, by Plaintiff, Marianne Gerson

24 ("Plaintiff"), as follows:

25     Federal Rule of Civil Procedure 8(a)(2) states, in pertinent part, that a pleading that sets

26 forth a claim for relief shall provide a "short and plain statement of the claim showing that the

27 pleader is entitled to relief." Moreover, Rule 8(e)(1) states that "[e]ach averment of a pleading

28
   ─────────────────────────────────────────────────
                                    1
   ANSWER OF DEFENDANTS THE PERMANENTE MEDICAL GROUP, INC.'S INSURANCE PLAN AND
            LIFE INSURANCE COMPANY OF NORTH AMERICA TO COMPLAINT
   USDC NDCA Case #CV07-05364 CW
   319890.1A

shall be simple, concise, and direct." The Complaint violates these provisions as it contains partial quotes and unnecessary advocacy. In answering the Complaint, Defendants only are required to address the averments upon which Plaintiff relies to allegedly state a claim.

1. In response to Paragraph 1 of the Complaint, Defendants admit the allegations of said Paragraph.

2. In response to Paragraph 2 of the Complaint, Defendants admit the allegations of said Paragraph.

3. In response to Paragraph 3 of the Complaint, Defendants admit Plaintiff seeks past and future benefits under the ERISA Plan, seeks payment of benefits with interest and seeks to clarify her rights to benefits under the Plan. Defendants expressly deny that Plaintiff is entitled to such benefits.

4. In response to Paragraph 4 of the Complaint, Defendants admit that Plaintiff seeks an injunction. Defendants expressly deny that Plaintiff is entitled to such relief.

5. Defendants admit that Plaintiff seeks attorneys fees and costs. Defendants expressly deny that Plaintiff is entitled to such relief.

## ANSWER TO THE PARTIES

6. In response to Paragraph 6 of the Complaint, Defendants admit the allegations of said Paragraph.

7. In response to Paragraph 7 of the Complaint, Defendants admit the allegations of said Paragraph.

8. In response to Paragraph 8 of the Complaint, Defendants admit the allegations of said Paragraph.

9. In response to Paragraph 9 of the Complaint, Defendants admit the allegations of said Paragraph.

## ANSWER TO THE DISABILTY PLAN

10. In response to Paragraph 10 of the Complaint, Defendants admit the allegations in said Paragraph.

11. In response to Paragraph 11 of the Complaint, Defendants admit the allegations of said Paragraph.

12. In response to Paragraph 12 of the Complaint, Defendants admit that the Plan sets forth provisions regarding disability, the terms of which speak for themselves.

13. In response to Paragraph 13 of the Complaint, Defendants admit the allegations in said Paragraph.

14. In response to Paragraph 14 of the Complaint, Defendants admit the allegations in said Paragraph.

15. In response to Paragraph 15 of the Complaint, Defendants admit that LINA is the claims administrator under the Plan and determines whether or not a claim will be paid. The allegation that Defendant is a fiduciary is a conclusion of law that Defendants do not have to admit or deny under FRCP 8.

### ANSWER TO PLAINTIFF'S DISABILITY

16. In response to Paragraph 16 of the Complaint, Defendants admit the allegations of said Paragraph.

17. In response to Paragraph 17 of the Complaint, Defendants admit that Plaintiff worked as a pediatrician from 1978 to July 10, 2001. Except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the remaining allegations in said Paragraph.

18. In response to Paragraph 18 of the Complaint, Defendants admit that Plaintiff stopped working on July 10, 2001, and that Plaintiff has been diagnosed with degenerative disc and joint disease of the cervical spine, intervertebral fusion, and degenerative disc and joint disease of the lumbar spine. Defendants further admit Plaintiff was diagnosed with arthritis and tendinitis of her hands in 2003. Defendants deny the remaining allegations in said Paragraph.

19. In response to Paragraph 19 of the Complaint, Defendants admit that Plaintiff's treating physicians have opined that Plaintiff is unable to perform her own or any occupation due

to pain, loss of motion, and other functional restrictions. Defendants deny that Plaintiff's that Plaintiff is unable to return to work because of her medical conditions.

### ANSWER TO DISABILITY CLAIM HISTORY

20. In response to Paragraph 20 of the Complaint, Defendants admit the allegations of said Paragraph.

21. In response to Paragraph 21 of the Complaint, Defendants admit that LINA initially denied the claim and ultimately determined to pay benefits to Plaintiff. Defendants deny the remaining allegations of said Paragraph.

22. In response to Paragraph 22 of the Complaint, Defendants admit the allegations in said Paragraph.

23. In response to Paragraph 23 of the Complaint, Defendants admit the allegations in said Paragraph.

24. In response to Paragraph 24 of the Complaint, Defendants deny the allegations in said Paragraph.

25. In response to Paragraph 25 of the Complaint, Defendants admit the allegations in said Paragraph.

### ANSWER TO FIRST CAUSE OF ACTION

26. In response to Paragraph 26 of the Complaint, Defendants incorporate by reference the responses to Paragraph 1 – 26 as if fully set forth herein.

27. In response to Paragraph 27 of the Complaint, Defendants deny the allegations of said Paragraph.

28. In response to Paragraph 28 of the Complaint, Defendants deny the allegations in said Paragraph.

29. In response to Paragraph 29 of the Complaint, Defendants deny the allegations of said Paragraph.

30. In response to Paragraph 30 of the Complaint, Defendants admit that the terms of 29 U.S.C. § 1132 speak for themselves.

1  31. In response to Paragraph 31 of the Compliant, Defendants deny the allegations of said Paragraph.

### ANSWER TO SECOND CAUSE OF ACTION

32. In response to the allegations of Paragraph 32 of the Complaint, Defendants incorporate by reference the responses to Paragraph 1 – 31 as if fully set forth herein.

33. In response to the allegations of Paragraph 33 of the Complaint, Defendants deny the allegations contained in said Paragraph.

34. In response to Paragraph 34 of the Complaint, Defendants admit that the terms of 29 U.S.C. § 1132 speak for themselves.

35. In response to Paragraph 35 of the Complaint, Defendants admit that Plaintiff seeks an injunction. Defendants expressly deny that LINA has violated the terms of the Plan and further denies that Plaintiff is entitled to injunctive relief.

### ANSWER TO THIRD CAUSE OF ACTION

36. In response to Paragraph 36 of the Complaint, Defendants admits that Plaintiff seeks attorneys fees and costs. Defendants expressly deny that Plaintiff is entitled to said relief.

### ANSWER TO PRAYER FOR RELIEF

37. In response to Paragraph 37 of the Complaint, Defendants deny that Plaintiff is entitled to disability benefits under the Plan, back benefits and interest.

38. In response to Paragraph 38 of the Complaint, Defendants deny that Plaintiff is entitled to an injunction against LINA.

39. In response to Paragraph 39 of the Complaint, Defendants deny that Plaintiff is entitled to attorney's fees and costs under 29 U.S.C. § 1132(g).

40. In response to Paragraph 40 of the Complaint, Defendants deny that Plaintiff is entitled to any other relief.

\\\

\\\

\\\

WHEREFORE, Defendants prays for judgment as set forth below:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim)

41. Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE
(Proper Claim Decision)

42. The claim decision was correct and proper under the terms of the Plan.

### THIRD AFFIRMATIVE DEFENSE
(Decision Not Arbitrary or Capricious)

43. Under the terms of the Plan, Defendants are vested with discretionary authority to determine eligibility for benefits and to interpret the terms and provisions of the insurance policy. The claim decision is properly reviewed by the court under an arbitrary and capricious standard of review. The decision to deny Plaintiff's claim for continued long term disability benefits was not arbitrary and capricious.

### FOURTH AFFIRMATIVE DEFENSE
(Ineligibility for Coverage)

44. Plaintiff was not eligible for coverage under the Plan as she failed to demonstrate total disability under the terms of the Policy.

### FIFTH AFFIRMATIVE DEFENSE
(Failure To Satisfy Conditions Precedent)

45. Defendants on information and belief and on that basis allege that Plaintiff's action against Defendants is barred because Plaintiff has failed to satisfy all conditions precedent to payment of benefits under the Plan sued upon.

\\\
\\\
\\\

## SIXTH AFFIRMATIVE DEFENSE
(Waiver and Estoppel)

46. By her conduct or that of her agents, Plaintiff has waived, or is estopped to assert, every claim for relief against Defendants set forth in her Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
(Parol Evidence Rule)

47. Plaintiff's claims for relief are barred by the parol evidence rule, to the extent that such rule has been made a part of the federal common law of ERISA.

## EIGHTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

48. Plaintiff's claims are barred by principles of unjust enrichment.

## NINTH AFFIRMATIVE DEFENSE
(Privileged and Good Faith Conduct)

49. Defendants allege that each and every act or statement done or made by Defendants, or by Defendants' agents, with reference to Plaintiff, was privileged as a good faith assertion of Defendants' legal and contractual rights.

## TENTH AFFIRMATIVE DEFENSE
(Failure to Comply with Plan Terms)

50. Defendants assert that Plaintiff has failed to comply with the terms of the Plan that is subject of this action, and accordingly, Plaintiff's claim for benefits is barred.

## ELEVENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

51. Defendants assert that Plaintiff's claim for benefits is time barred under the provisions of the Plan that is the subject of this action, applicable statutes of limitations and/or statutes of limitations under ERISA.

\\\
\\\
\\\

## TWELFTH AFFIRMATIVE DEFENSE
(Entitlement to Set-Off)

52. To the extent that a court holds that Plaintiff is entitled to benefits, which Defendants deny, Defendants are entitled to a set-off for any additional other income benefits that should be taken into account in calculating her long term disability benefits, including, but not limited to, any benefits Plaintiff has received from the Social Security Administration or Workers' Compensation.

53. Defendants reserve the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing against Defendants by reason of her Complaint on file herein, that judgment be awarded in favor of Defendants, and against Plaintiff, and that Defendants be dismissed from this action;

2. That Defendants be awarded their attorneys' fees incurred herein;

3. That Defendants be awarded their costs of suit; and

4. That the Court grant such other and further relief as it may deem just and proper.

Date: January 17, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


By: _____/s/ Dennis J. Rhodes_____
ADRIENNE C. PUBLICOVER
DENNIS J. RHODES
Attorneys for Defendants
THE PERMANENTE MEDICAL GROUP, INC.'S INSURANCE PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA

**CERTIFICATE OF SERVICE**
*Marianne Gerson v. The Permanente Medical Group, Inc.'s Insurance Plan, et al.*
*USDC NDCA Case #CV07-05364 CW*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**ANSWER OF DEFENDANTS THE PERMANENTE MEDICAL GROUP, INC.'S INSURANCE PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA TO COMPLAINT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→  : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Steven M. Chabre, Esq.
The Law Office of Steven M. Chabre
1335 Park Avenue
Alameda, CA  94501
Tel:   (510) 749-1440
Fax:   (510) 749-0466

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **January 17, 2008**, at San Francisco, California.

_____
Nancy Li

---

9
ANSWER OF DEFENDANTS THE PERMANENTE MEDICAL GROUP, INC.'S INSURANCE PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA TO COMPLAINT
USDC NDCA Case #CV07-05364 CW
319890.1A