STEVEN M. CHABRE (SBN 173271)
THE LAW OFFICE OF STEVEN M. CHABRE
1335 Park Avenue
Alameda, CA 94501
Telephone: (510) 749-1440
Facsimile: (510) 749-0466

Attorney for Plaintiff
MARIANNE GERSON

ADRIENNE C. PUBLICOVER (SBN 161432)
DENNIS J. RHODES (SBN 168417)
WILSON, ELSER, MOSKOWITZ,
EDELMAN& DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants
THE PERMANENTE MEDICAL GROUP, INC.'S INSURANCE PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND BRANCH

| | |
|---|---|
| MARIANNE GERSON,<br><br>Plaintiff,<br><br>vs.<br><br>THE PERMANENTE MEDICAL GROUP, INC.'S INSURANCE PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendants. | Case No.: CV07-05364 CW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date : January 29, 2008<br>Time : 2:00 PM<br>Courtroom : 2<br>Judge : Claudia Wilken |

Plaintiff MARIANNE GERSON ("Dr. Gerson") and Defendants THE PERMANENTE MEDICAL GROUP, INC.'S INSURANCE PLAN ("the Plan") and LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") hereby submit this Joint Case Management Conference Statement pursuant to F.R.Civ.P. 26(f) and the Court's Standing Order.

**1. Jurisdiction and Service of Process**

This is an ERISA claim for disability insurance benefits, and the Court has jurisdiction over it pursuant to 29 U.S.C. §1132(e). All parties have been served, and defendants have answered the Complaint.

**2. Facts**

Dr. Gerson worked as a pediatrician for The Permanente Medical Group from 1978 through July 2001. By reason of her employment, she was insured under a group disability insurance policy issued by LINA to The Permanente Medical Group. She stopped working in 2001 due to pain and restricted motion of the neck and back. Imaging studies have demonstrated that Dr. Gerson has degenerative disc disease and a congenital fusion of two vertebrae in her cervical spine as well as degenerative disc disease in her lumbar spine. In August 2001 Dr. Gerson applied for disability benefits from LINA, and LINA eventually approved the claim. In July 2006 LINA discontinued payment of benefits, as it determined that Dr. Gerson was no longer disabled. Dr. Gerson appealed LINA's decision twice, and at both stages LINA denied her appeals. Having exhausted her administrative remedies, Dr. Gerson filed suit on October 19, 2007.

**3. Legal Issues**

The legal issues involved in this case are the proper standard of review, the scope of the administrative record and plan documents, and the extent to which the parties may conduct discovery.

\\\

\\\

**4. <u>Motions</u>**

The parties anticipate that one of them may file a motion to determine the proper standard of review. If the standard of review turns out to be abuse of discretion, then cross motions for summary judgment will likely be filed. Because of the parties' differing views on the extent of discovery allowed in ERISA claims, there will likely be a motion related to discovery.

**5. <u>Amendment of the Pleadings</u>**

No party currently anticipates amending its pleadings.

**6. <u>Evidence Preservation</u>**

Plaintiff has no program for document destruction or erasing e-mails, voice mails, and other electronically recorded material. Evidence in the ERISA matter consists of the Administrative Record. Defendants will produce the administrative record with its initial disclosures and in advance of trial.

**7. <u>Initial Disclosures</u>**

The parties will complete the initial disclosures by January 24, 2008.

**8. <u>Discovery</u>**

None of the parties has conducted discovery yet. As the parties cannot agree on the scope of discovery appropriate in this matter, they have not completed a discovery plan.

**1. <u>Plaintiff Contends</u>**

Plaintiff contends that she is entitled to discovery to obtain all information contained in the "administrative record" and "plan documents" related to this ERISA matter. 29 C.F.R. § 2560.503-1(h)(2); 29 U.S.C. § 1024(b)(4). In addition, defendants allege that they have discretionary authority to interpret the Plan and to make factual determinations under the Plan. Assuming that this is true, under <u>Abatie v. Alta Health & Life Ins. Co.</u>, 458 F.3d 955, 970-973 (9th Cir. 2006); <u>Welch v. Metropolitan Life</u>, 480 F.3d 942, 949-950 (9th Cir. 2007); and <u>Saffon v. Wells Fargo& Co. Long Term Disability Plan,</u> __ F.3d __ (9th Cir. January 9, 2008), plaintiff is entitled to discovery on whether defendants allowed their conflict of interest to affect their

decision to deny benefits. Plaintiff has a right to probe "the nature, extent, and effect on the decision-making process of any conflict of interest." Abatie, 458 F.3d at 970; see also, Medford v. Met. Life Ins. Co., 244 F.Supp.2d 1120, 1128-1129 (Nev. 2003); Klund v. High Technology Solutions, Inc., 417 F.Supp.2d 1155 (S.D. Cal. 2005). The more evidence plaintiff can put forward of defendants' self-interested behavior, the less deference the Court will afford defendants' decision. Abatie, 458 F.3d at 970; Saffon __ F.3d at __. Plaintiff's discovery will be closely tailored to the conflict issue and may include written requests for information and a limited number of depositions of the individuals responsible for the decision to deny plaintiff's claim.

**2. Defendants Contend**

Defendants contend that discovery is not appropriate in the ERISA matter and admissible evidence is limited to the Administrative Record. While contends she is free to conduct discovery, plaintiff should be required to bring the appropriate motion for leave to do so.

**9. Class Actions**

This is not a class action.

**10. Related Cases**

There are no related cases.

**11. Relief Sought**

Dr. Gerson seeks reinstatement of the monthly disability insurance benefits she is owed under the Plan, including past-due benefits. The Plan documents define how the monthly benefit is calculated. She seeks interest on the past-due benefits. She seeks an award of attorney's fees, consistent with ERISA. She also seeks to enjoin LINA from its ongoing violation of the Plan in its handling of claims.

\\\

\\\

\\\

**12. Settlement and ADR**

Plaintiff prefers to go through Court-sponsored mediation and seek referral of the case to the ADR Department. Defendants prefer voluntary private mediation. The parties are meeting and conferring on this issue. There have been no settlement negotiations to date.

**13. Consent to Magistrate Judge**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or any other special procedure.

**15. Narrowing of Issues**

Depending on the state of the plan documents and the conduct of defendants' claims handling, as revealed by the administrative record and discovery, it may be possible for the parties to agree on the proper standard of review.

**16. Expedited Schedule**

This case should be streamlined. There will be no jury trial. Depending on the standard of review and the conduct of defendants' claims handling, the case may be decided entirely upon the administrative record either through cross motions for summary judgment or a trial on the papers.

**17. The Parties propose the following case schedule:**

- January 29, 2008 - Initial Status Conference
- June 9, 2008 - Mediation Due
- August 8, 2008 - Discovery Cut-off
- September 5, 2008 - Dispositive Motions Due
- November 4, 2008 - Pre-trial Conference
- December 10, 2008 - Trial Date

**18. Trial**

The case will be tried to the Court and the parties anticipate a trial of one day.

**19. Disclosure of Non-party Interested Entities or Persons**

Plaintiff knows of no non-party on her side who has an interest in this litigation.

Apart from the named parties, Defendants are unaware of any other interested parties at present.

**20. Other Matters**

None.

Date: January 22, 2008

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: */s/ Dennis J. Rhodes*
Adrienne C. Publicover
Dennis J. Rhodes
Attorneys for Defendants
THE PERMANENTE MEDICAL GROUP, INC.'S INSURANCE PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA

Date: January 22, 2008

THE LAW OFFICE OF STEVEN M. CHABRE

By: */s/ Steven M. Chabre*
Steven M. Chabre
Attorneys for Plaintiff
MARIANNE GERSON

**CERTIFICATE OF SERVICE**
*Marianne Gerson v. The Permanente Medical Group, Inc.'s Insurance Plan, et al.*
*USDC NDCA Case #CV07-05364 CW*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**STIPULATION EXTENDING TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→____: **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

______: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

______: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

______: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Steven M. Chabre, Esq.
THE LAW OFFICE OF STEVEN M. CHABRE
1135 Park Avenue
Alameda, CA 94501
Tel: (510) 749-1440
Fax: (510) 749-0466

***Attorneys for Plaintiff***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **January 23, 2008**, at San Francisco, California.

Nancy Li